**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IRA NIKELSBERG,                     :
                                    :
          Plaintiff,                :
                                    :
     v.                             : Civil Action No. 08-1899 (JR)
                                    :
FEDERAL DEPOSIT INSURANCE           :
CORPORATION,                        :
                                    :
          Defendant.                :

### MEMORANDUM

*Pro se* plaintiff Ira Nikelsberg sues the Federal Deposit Insurance Corporation under the Freedom of Information Act, 5 U.S.C. § 552, as amended, to obtain the names and contact information of the under-insured depositors of two failed banks for which the FDIC acts as receiver.  The parties have cross moved for summary judgment.  Because the information requested falls under the exceptions to FOIA found in 5 U.S.C. §§ 552(b)(4) and (b)(6), defendant's motion will be granted.

### Background

Pursuant to its duties as receiver for ANB Financial and Net Bank, the FDIC issued receiver's certificates to depositors for the portions of their accounts greater than the federally insured limit of $100,000.  *See*, 12 U.S.C. § 1821(d)(2); Def. MSJ at 2-3.  These certificates have a "second level" priority, meaning that they will be honored at a portion of their face value, that portion to be determined on the basis of the assets that remain after secured creditors and

administrative expenses are paid.  *See*, 12 U.S.C. § 1821(d)(11); Def. MSJ at 3.

Plaintiff, whose asserted purpose is to solicit the purchase of those receiver certificates, made a FOIA request for a variety of information pertaining to the FDIC's receivership of Net Bank and ANB Financial.  He was provided most of what he asked for, but the FDIC invoked FOIA Exemptions 4 and 6 to withhold the names, physical addresses, email addresses, phone numbers, and other contact information of under-insured depositors who were given receiver's certificates.  Pl. MSJ at 3; 5 U.S.C. § 552(b)(4) and (b)(6).

## Analysis

A district court's review of an agency's denial of a FOIA request is *de novo*.  5 U.S.C. § 552(a)(4)(B).  Summary judgment is appropriate when, taking the evidence in the light most favorable to the requester, there is no genuine issue of material fact and the agency has demonstrated that the information is exempt from disclosure.  *See, Assassination Archives & Research Ctr. v. Cent. Intelligence Agency*, 334 F.3d 55, 57 (D.C. Cir. 2003) (internal quotation omitted); Fed. R. Civ. P. 56(c).

## 1. FOIA Exemption 6

Section 552(b)(6) exempts from disclosure "personnel and medical files and similar files the disclosure of which would

constitute a clearly unwarranted invasion of personal privacy[.]"
5 U.S.C. § 552(b)(6). It is conceded that the requested
information is kept in covered files, but that concession does
not end the inquiry. There is a "second inquiry" which "requires
the court to balance the individual's right of privacy against
the basic policy of opening agency action to the light of public
scrutiny." *National Ass'n of Home Builders v. Norton*, 309 F.3d
26, 32 (D.C. Cir. 2002) (internal quotation omitted).

Individual account holders have a privacy interest here
because disclosure would allow public scrutiny of their financial
information. *See*, *Consumers' Checkbook Center for the Study of
Services v. U.S. Dept. of Health and Human Services*, 554 F.3d
1046 (D.C. Cir. 2009) ("We have consistently held that an
individual has a substantial privacy interest under FOIA in his
financial information, including income."); *Multi Ag Media LLC v.
Department of Agriculture*, 515 F.3d 1224 (D.C. Cir. 2008);
*National Ass'n of Retired Federal Employees v. Horner*, 879 F.2d
873, 875-77 (D.C. Cir. 1989). The Court of Appeals has been
"particularly concerned when the information may be used for
solicitation purposes." *Lepelletier v. F.D.I.C.*, 164 F.3d 37, 47
(D.C. Cir. 1999). For the owners of "individually owned or
closely held" businesses, disclosure "would necessarily reveal at
least a portion of the owner's personal finances." *Multi Ag
Media*, 515 F.3d at 1229. While some individuals and businesses

might be interested to learn that there is a potential buyer of receiver's certificates, that interest is not nearly as "clear" as that of the holders of unclaimed accounts, for whom release of contact information would "greatly increase the probability that they (or their heirs) will be reunited with their funds." *Lepelletier*, 164 F.3d at 48.

Plaintiff's assertion that disclosing the requested contact information would in some way "she[d] light on [the FDIC's] performance of its statutory duties . . . ," *United States Dep't of Defense v. FLRA*, 510 U.S. 487, 495-6 (1994) (internal quotation omitted), seems to rely on the highly implausible suggestions that FDIC's roles as regulator, insurer, and receiver are in conflict with one another, and that the agency makes its receivership determinations via a "secret process." But plaintiff makes no effort to explain how the requested names and contact information could possibly shed any light on his suggestions. *See*, *Lepelletier*, 164 F.3d at 48; *cf.*, *National Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873 (D.C. Cir. 1989). The "secret process" to which he refers is spelled out comprehensively in the FDIC manual, a substantial portion of which is attached to plaintiff's reply brief.

## 2. FOIA Exemption 4

Defendant argues that FOIA Exemption 4, which exempts from disclosure "trade secrets and commercial or financial

information obtained from a person and privileged or confidential," applies to the contact information of all other businesses that are not closely held or individually owned. 5 U.S.C. § 552(b)(4). Plaintiff concedes, as he must, that the information he seeks is commercial and/or financial. And it was clearly provided to the government by the banks, which in turn received it from the business account holders -- all "persons" under Exemption 4. *See, Gulf & Western Industries, Inc. V. U.S.*, 615 F.2d 527 (D.C. Cir. 1979); *OSHA Data/C.I.H., Inc. V. U.S. Dept. Of Labor,* 220 F.3d 153, 162 n.23 (3rd Cir. 2000). The question is whether the contact information for such businesses is "privileged or confidential." 5 U.S.C. § 552(b)(4).

The required analysis of whether commercial or financial information is "confidential" first asks whether the information was provided to the government voluntarily or involuntarily. *Compare, National Parks & Conservation Ass'n v. Morton,* 498 F.2d 765 (D.C. Cir. 1974) (involuntary), *with, Critical Mass Energy Project v. NRC*, 975 F.2d 871 (D.C. Cir. 1992)(voluntary). The release of contact information to FDIC as part of the receivership laws was involuntary, of course, but when the businesses provided the information to the banks they were entitled to expect that their account information would be kept in confidence. Plaintiff concedes that the information (*i.e.,* deposit information coupled with contact information) is

of a type "customarily not be released to the public."  *Critical Mass Energy Project*, 975 F.2d at 879.  It is thus unnecessary to analyze the "competitive disadvantages" to banks and account holders that might result from disclosure of information involuntarily provided to the government.  *See*, *National Parks & Conservation Ass'n,* 498 F.2d at 768.

Even if the contact information of businesses is not "confidential," to require FDIC to sort through depositor records trying to decide which businesses are closely held or individually owned and which are not might well compromise its efficiency and effectiveness.  *See*, *Critical Mass Energy Project,* 975 F.2d at 879; *National Parks & Conservation Ass'n,* 498 F.2d at 770 n. 17; *9 to 5 Org. for Women Office Workers v. Bd. of Governors of the Fed. Res. System*, 721 F.2d 1, 7-11 (1st Cir.1983); *Public Citizen Health Research Group v. National Institutes of Health*, 209 F. Supp.2d 37 (D.D.C. 2002).

*            *            *

An appropriate order accompanies this memorandum.



JAMES ROBERTSON
United States District Judge